HAMBLIN *et al. v.* CHICAGO, B. &. Q. R. Co.

(*Circuit Court, N. D. Illinois.* September 8, 1890.)

REMOVAL OF CAUSES—REMANDING—DECISION OF FEDERAL QUESTION.

> After overruling a motion to remand a cause, which had been removed from a state to a federal court on the ground that a federal question was involved, the federal court sustained a demurrer to the special plea interposed by defendant, and thereby disposed of the only federal question presented for decision. *Held,* that a subsequent motion by plaintiff to remand the cause to the state court would be sustained under the act of congress of March 3, 1875, (section 5,) providing that if, in any suit commenced in or removed to a circuit court of the United States, it shall appear to the satisfaction of the court, "at any time" after such suit has been brought or removed thereto, that such cause does not involve a dispute within its jurisdiction, said court shall dismiss such suit, or remand it to the court from which it was removed.

At Law.    Motion to remand.

*F. S. Murphy* and *Frederick A. Willoughby,* for plaintiffs.
*Herrick & Allen,* for defendant.

GRESHAM, J. The defendant charged and received from the plaintiffs for carrying live-stock from Galesburg to Chicago, over the defendant's railroad in Illinois, a higher rate of freight than was authorized by the schedule fixed by the railroad and warehouse commissioners. The statute which conferred upon the commissioners this authority was passed in 1873, (2 Starr & C. St. 1961,) and to recover the penalty for its violation this suit was commenced in the state court in March, 1882. The Chicago, Burlington & Quincy Railroad Company was formed by the consolidation of the Aurora Branch Railroad Company, the Central Military Tract Railway Company, the Peoria & Oquawka Railway Company, and the Northern Cross Railway Company, all of which were incorporated and consolidated prior to 1873. The general issue and a special plea were filed in the state court. The special plea set out the charters granted to the constituent companies, the statute under which they consolidated, the articles of consolidation, and other facts; and averred that the defendant succeeded to the rights of the constituent companies whose charters constituted contracts between them and the state, which could not be impaired by any law enacted by the state; that by these charters the defendant had the right to establish such rates of toll for carrying passengers and property on its road between Galesburg and Chicago, as it might determine from time to time by its by-laws; that the rates of toll charged in the declaration to have been demanded and received by defendant had been previously fixed by by-laws adopted by the board of directors as the regular rate; and that the legislature had no power to enact the statute under which the railroad and warehouse commissioners assumed the right to establish the rates against the defendant, as alleged in the declaration. On March 5, 1883, the defendant filed its petition for the removal of the suit to this court, and the state court entered an order allowing the removal. Besides the usual averments, the petition alleged that the defendant had a defense arising under the constitution

of the United States, viz., that the cause of action was based upon the statute of 1873, which violated section 10, art. 1, of the constitution of the United States by impairing the contract between the state and the defendant, growing out of the charters granted to the constituent companies, to which charters reference was made. A transcript of the record was filed in this court, and a motion by the plaintiff to remand was argued and overruled on the ground that the petition raised a federal question, which this court had jurisdiction to determine. Some months later, nothing further having been done in the case, the plaintiff demurred to the special plea which had been filed in the state court. The demurrer was argued, and on December 27, 1885, a judgment was entered sustaining it. The case remained in this condition until January, 1890, when the plaintiff again moved to remand on the ground that in sustaining the demurrer the court had decided adversely to the right asserted in the plea, and had thereby eliminated from the case the federal question.

In overruling the first motion to remand, the court simply decided that on the face of the record a federal question was presented for decision. It did not then decide that the defendant was entitled to the immunity asserted under section 10, art. 1, of the federal constitution. That question was not presented for decision, and until presented and decided the jurisdiction was clear. There is a wide difference between a motion to remand based upon the petition for removal, and a motion to remand after the court has determined, upon full presentation of the facts, as it did in this case, that the right asserted under the constitution or laws of the United States as a defense is unfounded. In disposing of the demurrer, the court decided that the state statute passed subsequent to the granting of the charters to the constituent companies did not secure to them or the defendant the right to control rates of fare and freight free from legislative interference, and that the state statute did not violate the constitution of the United States. It does not follow that, because this court had jurisdiction of the suit as it came from the state court, that jurisdiction may be retained after the sole federal question has been decided against the party that asserted its existence. A decision overruling a motion to remand is not conclusive on the question of jurisdiction. After such a motion has been overruled, the party who made it may plead to the jurisdiction of the court; and if, on issue joined, the plea is sustained, either on the ground that both plaintiff and defendant are citizens of the same state, (the jurisdiction depending upon citizenship,) or upon the ground that the right asserted under the constitution or laws of the United States is without foundation, the case will be remanded. The facts upon which the defendant asserted a right to protection under the constitution of the United States appeared in the special plea, and the action of the court on the demurrer left no other federal question for decision. Section 5 of the act of March 3, 1875, (18 St. at Large, 472,) reads:

"That if, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satis-

faction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, * * * the said circuit court shall proceed no further therein, but shall dismiss said suit, or remand it to the court from which it was removed."

It appearing from the judgment sustaining the demurrer to the special plea that the suit "does not really and substantially involve a controversy properly within the jurisdiction of the circuit court," the motion to remand is sustained.